Ronald KING, Individually, and as Class Representative of All Participants in Armstrong's Inc.'s Employee Stock Ownership Program and Ronald King, as Chairman of the Employees' Committee in the Armstrong's Inc. Bankruptcy, Appellees,

v.

Esther Y. ARMSTRONG, Rodney W. Strang, Maxine Schoonover and Brenton National Bank of Des Moines, Fiduciaries of the Estate of Robert C. Armstrong, Defendants,

and

Molly Bredl, Appellant.

No. 93–555.

Supreme Court of Iowa.

June 22, 1994.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Marty A. Hagge of John C. Wagner Law Offices, P.C., Cedar Rapids, for appellees.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

At issue in the present case is whether the district court abused its discretion in awarding the Wagner Law Firm attorney fees pursuant to a fifty percent contingency fee contract between the law firm and the employees of Armstrong's Inc. following the law firm's representation of the employees in a class action suit against Armstrong's. We find no abuse of discretion, and we affirm the judgment of the district court.

Employees of Armstrong's Inc. filed a claim in probate court against the estate of Robert C. Armstrong, alleging that Robert Armstrong breached his fiduciary duty when he sold his stock in Armstrong's Inc. to the employee stock ownership program (ESOP) for more than fair market value. The claim further alleged that Armstrong used his position as a director and trustee of the employee pension plan to insist that ESOP buy out his shares of stock. Because Armstrong's Inc. was in bankruptcy at the time, the claim was filed with the bankruptcy court. The bankruptcy court designated the employees' committee as the official class representative to bring any class action claims against Armstrong's estate.

The Wagner Law Firm first entered discussions with the employees' committee in late December 1991, regarding representation of the class against the Armstrong estate. At that time, numerous other law firms had declined to represent the class, most

stating that they did not have the staff and financial means to properly conduct such a complex case. On January 5, 1992, the Wagner Law Firm decided that a fifty percent contingency fee agreement was reasonable, based on the complexity of the case and the great risk that no recovery would be obtained. Wagner informed the committee that any fee requested would be subject to court approval. Following a closed door meeting, the employees' committee voted to affirm the contingency fee. On January 31, 1992, the Wagner Law Firm filed an appearance on behalf of King.

On June 23, 1992, a tentative settlement agreement was reached in the amount of $65,000, although the employees' committee had originally thought their claim might bring several million dollars. The Wagner firm and counsel for the estate subsequently prepared and filed the documents necessary to obtain the court's approval, including the application for certification as a class action, the motion to compromise claims and the proper notices. The notice informed the members of the class that the class representative had agreed to a proposed settlement against the Armstrong estate for $65,000. The notice further informed the class members that the Wagner firm sought a fifty percent fee pursuant to the agreement entered into between the employees' committee and the law firm.

On September 15, 1992, King filed a motion to compromise claims in the amount of $65,000. Copies of the motion and notice were mailed to all known members of the class. No objections to the compromise of claims were filed. The district court granted the motion to compromise. On December 8, 1992, the Wagner firm filed an application for attorney fees pursuant to the fifty percent contingency fee agreement. The notice of hearing on the fees application noted that the fees were sought pursuant to a fee agreement and that any such fees awarded would be subject to the approval of the court.

The intervenor, Molly Bredl, subsequently filed an objection to the application for attorney fees. At the hearing, the Wagner firm introduced an itemized billing statement showing it had expended time totaling $21,-442 with expected costs of $1985 to distribute monies to the class members. The firm also claimed it had advanced costs and expenses of $5165.10. Bredl's objection was based on her belief that the original lawsuit was frivolous and that no attorney fees should be awarded. Bredl also complained that the amount of fees requested was unreasonable since the amount of time spent by the Wagner firm on the case was minimal. The district court ruled that the Wagner firm was entitled to the fees as agreed.

Bredl subsequently filed an Iowa Rule of Civil Procedure 179(b) motion, arguing that the district court did not consider the application of Iowa Rule of Civil Procedure 42.-16(e) and Disciplinary Rule 2–106(B). The district court, upon consideration of these rules, overruled the motion. Bredl has appealed.

The first issue to be addressed is what standard of review is to be used by a reviewing court when considering contingency fee agreements. Bredl claims that because the district court failed to make specific findings regarding rule 42.16(e) the case should be reviewed de novo. We disagree.

■ Although there are no Iowa cases specifically addressing the standard of review for cases involving contingency fees in class action litigation, we have in other contexts reviewed the allowance of attorney fees under an abuse-of-discretion standard. *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990); *Green v. Iowa Dist. Court*, 415 N.W.2d 606, 608 (Iowa 1987). In class action cases, this court has also applied the abuse of discretion standard when reviewing rulings of the district court. *See Martin v. Amana Refrigeration, Inc.*, 435 N.W.2d 364, 367 (Iowa 1989); *Vignaroli v. Blue Cross of Iowa*, 360 N.W.2d 741, 743 (Iowa 1985). Iowa courts have recognized that the district court is an expert on the issue of reasonable attorney fees. *Landals*, 454 N.W.2d at 897. It therefore appears that when reviewing claims for attorney fees pursuant to a contingency fee agreement in a class action lawsuit, we will review attorney fee awards under an abuse of discretion standard.

The thrust of Bredl's argument is that Wagner's claim for attorney fees under the contingency agreement is unreasonable in light of the factors set forth in rule 42.-16(e). In determining the appropriateness of attorney fees in a class action, rule 42.16(e) provides:

e. In determining the amount of attorney's fees for a prevailing class the court shall consider the following factors:

(1) The time and effort expended by the attorney in the litigation, including the nature, extent, and quality of the services rendered;

(2) Results achieved and benefits conferred upon the class;

(3) The magnitude, complexity, and uniqueness of the litigation;

(4) The contingent nature of success;

(5) In cases awarding attorney's fees and litigation expenses under subdivision "d" of the vindication of an important public interest, the economic impact on the party against whom the award is made; and

(6) Appropriate criteria in the Iowa Code of Professional Responsibility for Lawyers.

In conjunction with rule 42.16, Disciplinary Rule 2–106(B) of the Iowa Code of Professional Responsibility for Lawyers also provides guidelines for attorney fees. DR 2–106(B) provides that a fee is clearly excessive if, after a review of the facts, "a lawyer of prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." The rule sets forth a number of factors to consider, including:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

In its initial ruling ordering attorney fees, the district court noted that the class had been unable to obtain an attorney to represent them. The district court noted that, when the Wagner firm agreed to represent the class, it was required to advance all prelitigation costs since the employees' committee did not have any funds set aside to conduct the litigation. The court also pointed out that, although the fee was higher than normal, the Wagner firm noted that any attorney fees award would be subject to court approval. Because the employees' committee was free to negotiate with the Wagner firm at arms' length, the district court ruled that the fee contract was reasonable.

In its ruling on Bredl's rule 179(b) motion, the district court provided a more in-depth analysis of its reasons for approving the fee contract. The district court noted that the case was about to be dismissed by the court when the Wagner firm agreed to represent the class. Although Bredl claimed that the class estimated they might recover over $2 million from the lawsuit, the district court opined that the class had in fact little chance of success. The district court noted the complexity of the case, especially the coordination necessary between the district court and the bankruptcy court, and the large size of the class. The district court also noted that the Wagner firm agreed to advance all costs of litigation despite the knowledge that there was a strong likelihood they would recover nothing. Citing rule 42.16(e) and DR 2–106(B), the district court ruled that the contingency fee agreement was reasonable under the facts.

We hold that the district court was properly guided by rule 42.16(e) and DR 2–106(B) and did not abuse its discretion in awarding the Wagner Law Firm attorney fees pursuant to the contingency fee agreement. We

affirm the district court's award of attorney fees.

**AFFIRMED.**