49 P.3d 402

C. Jeffrey ZOLLINGER, individually, C. Jeffrey Zollinger, on behalf of Electrical and Communication Systems, Inc., and Electrical and Communication Systems, an Idaho corporation, Plaintiffs–Appellants,

v.

William P. CARROL, Mary Lou Truxal, Defendants–Respondents,

and

R. Bradley Smith, Sherie Smith, Lee Jolley, Alana Jolley, Matthew Youngman, John Peery and Does 1–20, Defendants.

No. 27494.

Supreme Court of Idaho,
Boise, May 2002 Term.

June 7, 2002.

**398**

McGrath, Mecham, Smith & Seamons, Idaho Falls, and Thomson Law Office, Rexburg, for appellants. Bryan D. Smith argued.

Beard, St. Clair, Gaffney, McNamara, Idaho Falls, for respondents. Jared W. Allen argued.

WALTERS, Justice.

C. Jeffrey Zollinger appeals from the district court's summary judgment order dismissing his claims against William P. Carrol and Mary Lou Truxal on equitable grounds. We affirm the decision of the district court.

Zollinger, Carrol and Truxal are shareholders in Electrical and Communication Systems, Inc. (ECSI). In 1994, Zollinger purchased shares of ECSI and became a director of the corporation. Shortly thereafter, he agreed to personally guarantee a line of credit for the corporation with First Security Bank and gave a second personal guarantee on behalf of ECSI to secure a performance bond in connection with a federal government contract job in Southern California that was awarded to ECSI. As a result of demands for third party claims later made against the performance bond, and because ECSI had used up the entire First Security Bank line of credit, Zollinger paid out a total of $443,465.00 to satisfy the personal guarantees signed on behalf of the corporation.

Zollinger brought suit individually and as a director of ECSI to recover monies paid out on the guarantees, asserting breach of contract and promissory estoppel. Zollinger alleged that he had relied on the promises made by Carrol and Truxal in the shareholder agreements whereby, in exchange for ECSI shares, Carrol and Truxal were to transfer their stock portfolios to provide funding to the corporation for the purpose of qualifying for bonding. Zollinger asserted his status as a third party beneficiary of the shareholder agreements, claiming his reliance on the agreements was reasonably foreseeable, and that he was thus entitled to recover on a promissory estoppel theory.

The district court heard the parties' cross-motions for summary judgment. The district court rejected Zollinger's detrimental reliance argument, concluding that Carrol and Truxal had made no promises to Zollinger either as a promisee or as a third-party beneficiary. The district court further determined that the shareholder agreements were illegal because the shares of ECSI that were the subject of the agreements were neither duly registered nor exempt from registration pursuant to Idaho law. The district court awarded summary judgment in favor of Carrol and Truxal on their motion and thereafter denied Zollinger's motion for reconsideration.

On appeal, Zollinger asserts once again that he is entitled to recover on promissory estoppel grounds as a foreseeable third-party who detrimentally relied on Carrol's and Truxal's promises in the shareholder agreements. He also disputes the district court's holding that the illegality of the shareholder agreements serves as an equitable defense to

bar recovery on his promissory estoppel claim.

## STANDARD OF REVIEW

The Supreme Court reviews a district court's decision on summary judgment using the same standard as that properly employed by the trial court when originally ruling on the motion. *Kolln v. Saint Luke's Reg'l Med. Ctr.*, 130 Idaho 323, 940 P.2d 1142 (1997); *Richards v. Idaho State Tax Comm'n*, 131 Idaho 476, 959 P.2d 457 (1998). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *First Security Bank v. Murphy*, 131 Idaho 787, 964 P.2d 654 (1998). If the case is to be tried by the court without a jury, where cross-motions for summary judgment are filed, based upon the same evidentiary facts and upon the same theories and issues, the parties effectively have stipulated that no genuine issues of material fact exist. *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 518 n. 1, 650 P.2d 657, 660 n. 1 (1982). The trial court is granted broader discretion when both parties have moved for summary judgment despite the possibility of conflicting inferences because the court will be responsible for resolving the conflict between those inferences. *Id.* If the evidence reveals no disputed issues of material fact, and only a question of law remains, this Court exercises free review. *Hines v. Hines*, 129 Idaho 847, 934 P.2d 20, 23 (1997).

## DISCUSSION

The district court dismissed Zollinger's claim for promissory estoppel following the hearing on the cross-motions for sum-

mary judgment. Citing *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the district court held that the claim must fail because Zollinger did not establish one of the essential elements of a promissory estoppel claim. The district court also held that the shareholder agreements upon which Zollinger based his claim were illegal and thus unenforceable, even under Zollinger's promissory estoppel theory.

To prevail on a promissory estoppel claim, a party must prove the existence of all four elements of promissory estoppel: (1) reliance upon a specific promise; (2) substantial economic loss to the promisee as a result of such reliance; (3) the loss to the promisee was or should have been foreseeable by the promisor; and (4) the promisee's reliance on the promise must have been reasonable. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 182, 804 P.2d 900, 911 (1991). To avoid summary judgment on his promissory estoppel claim, a party must provide proof of each element of his claim. *Podolan v. Idaho Legal Aid Services, Inc.* 123 Idaho 937, 854 P.2d 280 (Ct.App.1993).

There was evidence that; pursuant to the shareholder agreements, Carrol and Truxal had each promised to transfer his respective retirement stock portfolio to ECSI, "solely and exclusively for the purpose of qualifying for a performance bond, which would allow the corporation to compete and bid for construction projects and other work." In exchange for these promises, ESCI offered to sell shares of its stock to Carrol and Truxal. The district court found that ECSI's offer to sell unregistered stock in the corporation violated the securities and licensing requirements [1] set forth in the statutes. This finding, which has not been challenged by Zol-

---

1. Idaho Code § 30–1403 provides:

It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly,

(1) to employ any device, scheme or artifice to defraud,

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading or

(3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

Idaho Code § 30–1416 states:

It is unlawful for any person to sell or to offer to sell any security in this state, except securities exempt under section 30–1434, Idaho Code, or except securities sold in transactions exempt under section 30–1435, Idaho Code, unless such security is registered by notification, coordination or qualification under this chapter or is a federal covered security.

linger, will not be disturbed on appeal. *See Wilder v. Miller*, 135 Idaho 382, 387, 17 P.3d 883, 888 (Ct.App.2000).

■ Claiming he is innocent of the illegal transactions, Zollinger argues that he should not be barred from recovery on his promissory estoppel claim grounded upon the shareholder agreements. The law is well settled, however, that illegal contracts are void and cannot be enforced. *Miller v. Haller*, 129 Idaho 345, 351, 924 P.2d 607, 613 (1996). A party to an illegal contract cannot ask the Court to have his illegal objects carried out, as the law will not aid either party to an illegal agreement. *Quiring v. Quiring*, 130 Idaho 560, 568, 944 P.2d 695, 703 (1997). One not a party to an illegal contract cannot, as a general rule, derive any benefit from the contract, even if the contract was entered into in his or her behalf. 17A C.J.S. *Contracts* § 286f (1999).

Zollinger was not a promisee of the shareholder agreements, which envisioned that Carrol's and Truxal's funds would be available to satisfy third party creditor and bonding company claims if ECSI could not pay them. Furthermore, Zollinger was neither a third party creditor nor a bonding company evaluating the viability of the corporation seeking bonding. Only if Zollinger can show that a contractual relationship existed between Carrol and Truxal and ECSI, for his benefit, and that it was foreseeable that he would rely on that agreement, are the predicates for Zollinger's promissory estoppel claim established.

The Restatement (Second) of Contracts § 90, cmt. c (1981), dealing with reliance by third persons, provides as follows:

> If a promise is made to one party for the benefit of another, it is often foreseeable that the beneficiary will rely on the promise. Enforcement of the promise in such cases rests on the same basis and depends on the same factors as in cases of reliance by the promisee. Justifiable reliance by third persons who are not beneficiaries is less likely, but may sometimes reinforce the claim of the promisee or beneficiary.

We concur with the district court's findings that there was no promise made by Carrol

and Truxal to Zollinger, either directly or for his benefit, and that Zollinger's reliance on the agreements was not reasonable or justifiable. Moreover, Zollinger's decision to personally guarantee ECSI's debts did not make him a foreseeable third party beneficiary of the shareholder agreements of Carrol and Truxal.

This Court has previously held that the doctrine of promissory estoppel is intended as a substitute for consideration, and not as a substitute for an agreement between the parties. *See Smith v. Kenworth Sales, Inc.*, 102 Idaho 63, 68, 625 P.2d 417, 422 (1981). Where the parties to the shareholder agreements had exchanged mutual promises, there was no failure of consideration such that promissory estoppel should be applied under the facts of this case. As a non-party, Zollinger was not entitled to enforce the shareholder agreements, which were executory in nature, that is, neither Carrol and Truxal nor ESCI had yet performed.

We conclude that the district court correctly ruled that because Zollinger was neither a promisee nor third party beneficiary of the shareholder agreements, his alleged actions in reliance on the promises contained in the agreements do not entitle him to relief on his claim of promissory estoppel. Accordingly, we affirm the district court's dismissal of Zollinger's promissory estoppel claim.

The respondents have requested an award of attorney fees on appeal under I.C. § 12–121, in the event that they are the prevailing parties, arguing that the appeal was brought frivolously, unreasonably, or without foundation. We agree that the appeal was without foundation because Zollinger was neither a promisee under any contract with the respondents, nor was he a third party beneficiary of the executory shareholder agreements between the respondents and ECSI. The respondents' claim for fees therefore will be allowed.

Costs and attorney fees on appeal are awarded to the respondents, in amounts to be determined in accordance with I.A.R. 40 and 41.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.