# IN THE COURT OF APPEALS OF IOWA

No. 16-0573
Filed November 8, 2017

**ROBERT W. DAVIS and KIRK K. PETERSON,**
   Plaintiffs-Appellants,

**vs.**

**AMERICAN INTERNATIONAL BRIDGE, INC., ANFU WANG and CHUN LING LU,**
   Defendants-Appellees.
_____

   Appeal from the Iowa District Court for Story County, Michael J. Moon, Judge.

   Guarantors appeal from adverse judgment on claim to enforce personal guaranty of commercial property lease. **AFFIRMED.**

   Robert W. Goodwin of Goodwin Law Office, P.C., Ames, for appellants.

   Joseph R. Cahill of Cahill Law Offices, Nevada, for appellees.

   Heard by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Kirk Peterson and Robert Davis filed this suit against American International Bridge, Inc. ("American"), for breach of a commercial property lease agreement to which they were not parties. American filed a counterclaim against Peterson and Davis to enforce their personal guaranty of the lease after the lessee and sublessee defaulted on the lease agreement. The district court granted American's motion for summary judgment on Peterson and Davis's breach-of-contract claim, concluding they were not parties to the lease agreement, were not third-party beneficiaries of the lease agreement, and lacked standing to assert claims under the lease agreement. After a bench trial, the district court entered judgment in favor of American and against Peterson and Davis on their personal guaranties. Peterson and Davis timely filed this appeal. On appeal, they contend the district court erred in granting American's motion for summary judgment, erred in finding of favor of American on its claim, erred in calculating damages, and erred in setting the interest rate on the judgment.

I.

The record reveals the following. In 2012, Anfu Wang, doing business as American International Bridge, Inc., purchased a commercial building in Boone. In 2013, Monte Streit expressed interest in leasing the building and operating a restaurant in the building. Wang's attorney expressed reservations to Wang that relying solely on Streit to meet the lease payments would be unduly risky. Wang insisted Streit obtain guarantors. Streit contacted Peterson, Streit's physician, and Davis, Streit's dentist, for assistance. In an agreement with Streit, Peterson and Davis each agreed to sign a personal guaranty of the lease agreement and

each loaned Streit $37,500. In exchange, Streit agreed to repay the loans at five percent interest and pay to each thirty percent of the profits of the restaurant. In March 2013, Streit signed the commercial lease agreement. Peterson and Davis were not parties to the agreement. On the same day, Peterson and Davis each signed a personal guaranty of the lease agreement.

The restaurant, known as Sports Story Bar & Grill, began business in April 2013. Business was poor. By August, Streit was two months behind in rent. Peterson and Davis each paid one month's rent to Wang to come current. However, Sports Story ceased operations in December 2013.

Wang reached out to Chad Borsheim, who knew several of the parties involved. Borsheim and a partner formed a partnership to run the business and sublease the building from Streit. The business they formed was called the Boone Depot. Like its predecessor, the Boone Depot ran into difficulty. It failed to make all required lease payments to American. American served Borsheim a notice of default and sent copies to Davis and Peterson. In the notice, American demanded payment of all unpaid sums. The default was not cured, and the entire unpaid balance of the lease was declared due and payable.

In March 2014, Peterson and Davis filed this action against American, Wang, and Wang's wife, Chun Ling Lu (collectively, "American"). The petition asserted claims of negligent misrepresentation, fraudulent misrepresentation, and breach of lease, and requested a declaratory judgment that there "was failure or lack of consideration to Davis and Peterson" for the guaranty, rendering the guaranty unenforceable against them. The theory of Peterson and Davis's case was American failed to repair a leaky roof in the restaurant and failed to

repair the adjacent parking garage, the failure to repair these items damaged the restaurant's business, the damage to the restaurant's business caused the business to default under the lease agreement, and the default under the lease agreement caused Peterson and Davis to be liable on their personal guaranties. Peterson and Davis claimed to be third-party beneficiaries of the lease agreement because of their pecuniary interest in the restaurant. The district court dismissed the breach-of-contract claim on summary judgment, and Peterson and Davis voluntarily dismissed their misrepresentation claims.

American answered and brought counterclaims against Peterson and Davis. The only counterclaim that went to trial was American's claim against Peterson and Davis to enforce their personal guaranties of the lease agreement. American sought past-due rent and property taxes in the amount of $159,000, plus interest and penalties as provided in the lease. Plaintiffs asserted an affirmative defense to this counterclaim of failure of consideration, which was substantially their same claim regarding the failure to repair the purportedly leaky roof and parking garage. The district court found in favor of the defendants and awarded damages of $197,004.06, plus interest of 10.47125%, and attorney fees of $47,475.

II.

Our review is for the correction of legal error. *See EnviroGas, L.P. v. Cedar Rapids/Linn Cty. Solid Waste Agency*, 641 N.W.2d 776, 780 (Iowa 2002); *Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775, 777 (Iowa 2000) (stating the standard of review for summary judgment rulings). With respect to the summary judgment motion, summary judgment is proper only when the moving party

demonstrates that the record is devoid of any genuine issue of material fact and it is entitled to judgment as a matter of law. *See Bill Grunder's Sons Constr. v. Ganzer*, 686 N.W.2d 193, 196 (Iowa 2004). With respect to the district court's findings of fact and conclusions of law, the district court's findings of fact are binding if supported by substantial evidence. *See Falczynski v. Amoco Oil Co.*, 533 N.W.2d 226, 230 (Iowa 1995).

III.

A.

We first address the question of whether the district court correctly dismissed Peterson and Davis's claim for breach of the lease agreement as third-party beneficiaries. The primary question in a third-party beneficiary case is whether the contract manifests an intent to benefit a third party. *See Midwest Dredging Co. v. McAninch Corp.*, 424 N.W.2d 216, 224 (Iowa 1988). The promisee's intent generally controls. *See id.* Such intent, however, need not be to benefit a third party directly. *See Vogan v. Hayes Appraisal Assocs., Inc.*, 588 N.W.2d 420, 423 (Iowa 1999).

Davis and Peterson argue they are third-party beneficiaries because they had a twofold pecuniary interest in the lease agreement. First, they entered into an agreement with Streit to receive thirty percent of the profits of the restaurant. Second, as guarantors of the lease agreement they had an interest in making sure the restaurant was in good repair, which would have made it more likely the restaurant would succeed, which would have made it more likely Streit would not have defaulted on the lease agreement, which would have made it less likely

they would be held liable under the guaranty. There are numerous flaws in Peterson and Davis's theory of the case.

First, in determining whether a party or parties is a third-party beneficiary, we look to the language of the contract and the circumstances surrounding contract formation. *Midwest Dredging*, 424 N.W.2d at 225.

> A third party who is not a promisee and who gave no consideration has an enforceable right by reason of a contract made by two others . . . if the promised performance will be of pecuniary benefit to [the third party] and the contract is so expressed as to give the promissor reason to know that such benefit is contemplated by the promisee as one of the motivating causes of his making the contract.

*Tredrea v. Anesthesia & Analgesia, P.C.*, 584 N.W.2d 276, 282 (Iowa 1998).

> Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>     (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>     (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Midwest Dredging*, 424 N.W.2d at 224 (quoting Restatement (Second) of Contracts § 302 (1979)). In this case, the lease agreement evidences no intent to benefit Peterson or Davis, whether directly or indirectly. The facts and circumstances surrounding the formation of the lease agreement do not evidence an intent to benefit Peterson or Davis. Peterson and Davis's pecuniary interest in the restaurant, standing alone, does not make them third-party beneficiaries of the lease agreement any more than it would make them third-party beneficiaries of any other contract of the restaurant.

In addition, it seems Peterson and Davis misapprehend the nature of the personal guaranty. Being a personal guarantor does not give Peterson and Davis a cognizable and enforceable pecuniary interest in the contracts of the restaurant. To the contrary, their personal guaranty of the lease agreement provides a pecuniary benefit to the lessor, who now has greater security under the lease agreement. Courts are uniform in concluding a personal guarantor of a contract is not a third-party beneficiary of the underlying contract. *See Ex parte ReLife, Inc.*, 679 So. 2d 664, 668 (Ala. 1996); *Porter Capital Corp. v. Thomas*, 101 So. 3d 1209, 1215 (Ala. Civ. App. 2012); *Grand Valley Ridge, LLC v. Metro. Nat'l Bank*, 388 S.W.3d 24, 31 (Ark. 2012); *Farm Bur. Mut. Ins. Co. v. Running M Farms, Inc.*, 237 S.W.3d 32, 36–37 (Ark. 2006); *McKinney-Green, Inc. v. Davis*, 606 So. 2d 393, 396 (Fla. Dist. Ct. App. 1992); *Scott v. Mamari Corp.*, 530 S.E.2d 208, 211 (Ga. Ct. App. 2000); *Zollinger v. Carrol*, 49 P.3d 402, 405 (Idaho 2002); *Northside Cmty. Bank v. Baek*, No. 1-14-3610, 2016 WL 1182766, at *16 (Ill. App. Ct. Mar. 24, 2016); *Maki v. Brattan*, No. WOCV201200509D, 2012 WL 6971024, at *3–4 (Mass. Sup. Ct. Dec. 6, 2012); *Numerica Sav. Bank, F.S.B. v. Mountain Lodge Inn, Corp.*, 596 A.2d 131, 136 (N.H. 1991); *CIFG Assur. N. Am., Inc. v. Goldman, Sachs & Co.*, 966 N.Y.S.2d 369, 371 (N.Y. App. Div. 2013); *Johnston v. Or. Bank*, 591 P.2d 746, 749–51 (Or. 1979); *Walnut St. 2014-1 Issuer, LLC v. Pearlstein*, No. 2257 EDA 2016, 2017 WL 2704018, at *9 (Pa. Super. Ct. June 22, 2017); *First Am. Bank v. Woods*, 734 S.W.2d 622, 633 (Tenn. Ct. App. 1987); *Grayson v. Platis*, 978 P.2d 1105, 1110 (Wash. Ct. App. 1999).

The district court did not err in granting American's motion for summary judgment on Peterson and Davis's claim for breach of the lease agreement.

B.

Peterson and Davis contend the district court erred in finding there was not a failure of consideration. Specifically, Davis and Peterson allege the consideration for them signing the personal guaranty was American's promise to repair or replace the roof and parking ramp. Davis and Peterson allege American never made the necessary repairs or replacements. Therefore, they argue, American may not enforce the guaranty against them. Our review is for the correction of legal error, and we will affirm the judgment of the district court if supported by substantial evidence. Substantial evidence is evidence that a "reasonable mind would accept as adequate to reach a conclusion." *Thompson v. U.S. Fid. & Guar. Co.*, 559 N.W.2d 288, 290–91 (Iowa 1997).

A failure of consideration describes a situation in which a contract is valid when formed but becomes unenforceable because the performance bargained for has not been rendered. *Johnson v. Dodgen*, 451 N.W.2d 168, 172 (Iowa 1990). "Failure of consideration" is different from "lack of consideration." *Kristerin Development Co. v. Granson Inv.*, 394 N.W.2d 325, 331 (Iowa 1986). A lack of consideration may prevent the formation of a contract; failure of consideration does not. *Id.* "A failure of consideration may sometimes serve as a defense to enforcement of an existing contract." *Id.*; *see* Iowa Code § 537A.3 (2014). "The alleged failure of consideration ordinarily must be total to serve as a complete defense to a breach of contract claim." *Kristerin Development Co.*, 394 N.W.2d at 331. "A total failure of consideration occurs when a party has failed or

refused to perform a substantial part of what the party agreed to do." *Johnson*, 451 N.W.2d at 172.

Davis and Peterson cite *Kizer v. Sievers*, No. 14-0503, 2015 WL 10711055, at *7 (Iowa Ct. App. Feb. 11, 2015), in which a total failure of consideration relieved a party of her guaranty obligations. There, a party, Kizer, promised to issue fifty shares of stock as consideration for Sievers's promise under a personal guaranty. *See Kizer*, 2015 WL 10711055, at *7. The shares never issued. *See id.* Indeed, "Kizer herself testified no shares of stock were ever issued to anyone." *Id.* Because of "a complete failure of consideration constituting a breach of the agreement," Sievers was "relieved of performance under the personal guaranty." *Id.*

*Kizer* is inapplicable here. Peterson and Davis again conflate separate issues. The consideration for them signing the personal guaranty was not American's duty to repair the roof or repair the parking garage. That was, perhaps, consideration for Streit's entry into the lease agreement, an agreement to which Peterson and Davis were not parties. The consideration for the personal guaranty was Streit's promise to repay the loans at five percent interest and to give Peterson and Davis each thirty percent of the profit of the restaurant.

Even assuming, however, the condition of the roof is the relevant issue, the district court found there was not a failure of consideration. The finding is supported by substantial evidence. Wang testified he never observed any leaking roof issues that were not addressed. A handyman testified he came out to make repairs as issues were raised. Davis and Peterson offered to buy the building from Wang in late 2013 for $925,000. The "offer to buy" does not note

any issues with the roof or parking ramp. The district court did not err in concluding Peterson and Davis failed to prove a total failure of consideration.

C.

Davis and Peterson believe certain payments they made to American went unaccounted for in the court's damages award. Specifically, they assert they are entitled to credit for rent payments of $18,000 and two separate real estate tax payments of $3508.40 and $8511.

We conclude the issue was not preserved for review. *See Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 695 (Iowa 2013). At trial, the only evidence regarding damages was defendants' Exhibit E, an accounting prepared by Wang's attorney, and Wang's attorney's testimony regarding damages. Wang's attorney testified at trial about his process in preparing Exhibit E and the outstanding amounts owed under the terms of the lease agreement. The exhibit and testimony were accepted into evidence without objection. Peterson and Davis never introduced during trial any evidence related to the alleged payments. The first time they raised the issue was in their rule 1.904(2) motion to enlarge or amend findings. "[A] rule 1.904(2) motion that asks the district court to amend or enlarge its prior ruling based solely on new evidence is generally improper." *Homan v. Branstad*, 887 N.W.2d 153, 161 (Iowa 2016). The district court did not err in failing to credit Davis and Peterson for the alleged payments made when no evidence of any such payments was introduced during trial.

D.

Davis and Peterson next challenge the interest rate on the judgment. The district court entered judgment against Davis and Peterson in the amount of $197,004.06 with interest of 10.47125% from and after the first day of trial. The lease provides that delinquent payments (including late charges) shall accrue interest at 10%, compounded monthly, from the due date, until paid. It was undisputed at trial that "10%, compounded monthly," was an annual rate of 10.47125%. Davis and Peterson argue this 10.47125% interest rate exceeds the maximum allowable by law. We disagree.

Iowa Code section 535.3(1) provides interest on judgments (except in workers' compensation cases) will be calculated at a rate set by section 668.13. *See* Iowa Code § 535.3(1). Section 668.13(2) provides judgment interest, when set by a contract, will be the rate set by the contract, provided that rate does not exceed the maximum allowable by section 535.2. Section 535.2(7) states: "This section does not apply to a charge imposed for late payment of rent." Because section 535.2 is inapplicable, the contract rate controls. The district court did not err in setting interest on the judgment at the contract rate.

E.

Davis and Peterson believe the court abused its discretion in its award of attorney fees. *See Kragnes v. City of Des Moines*, No. 13-2065, 2015 WL 162047, at *1 (Iowa Ct. App. Jan. 14, 2015) ("We review an award for attorney fees for an abuse of discretion." (citing *King v. Armstrong*, 518 N.W.2d 336, 337 (Iowa 1994))). The court awarded attorney fees of $47,475. Peterson and Davis claim this amount includes work unrelated to the collection of past-due rent under

the lease agreement. They failed to argue this claim before the district court, which means the error is not preserved for appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

IV.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**