**IN THE COURT OF APPEALS OF IOWA**

No. 20-1272
Filed August 4, 2021

**IN RE CONSERVATORSHIP OF F.M.K.,**

**H.K., CONSERVATOR,**
        Plaintiff-Appellant,

**vs.**

**HAYES LORENZEN LAWYERS, P.L.C,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

The parents of F.M.K. appeal the district court decision awarding attorney fees to Hayes Lorenzen Lawyers, P.L.C., which previously represented the parents in a medical malpractice action.  **AFFIRMED.**

Todd N. Klapatauskas of Reynolds & Kenline, LLP, Dubuque, and Benjamin Novotny and Matt J. Reilly of Trial Lawyers for Justice, Decorah, for appellant.

David L. Brown and Tyler R. Smith of Hansen, McClintock & Riley, Des Moines, for appellee.

Heard by Vaitheswaran, P.J., Schumacher, J. and Gamble, S.J.*
*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021)

**SCHUMACHER, Judge.**

The parents of F.M.K. appeal the district court decision awarding attorney fees to Hayes Lorenzen Lawyers, P.L.C., which previously represented the parents in a medical malpractice action. The district court did not abuse its discretion by concluding Hayes Lorenzen did not terminate the contract. The court did not abuse its discretion in determining the reasonable amount of attorney fees for the law firm's representation. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

Due to problems arising at the time of F.M.K.'s birth, the child's parents elected to pursue a medical malpractice action. On August 27, 2015, the parents entered into a contingency fee contract with the law firm of Hayes Lorenzen, which provided:

> In the event of recovery, Client shall pay Attorney the following fee based on the amount of the gross recovery without reduction for any expenses, offset or counterclaim against Client's recovery, a fee equal to 40% of the recovery if settled without filing suit; a fee equal to 40% of the recovery after suit is filed and before notice of appeal to any appellate court; a fee equal to 40% of the recovery after notice of appeal; and a fee equal to 40% of the recovery if retried. IN THE EVENT NO RECOVERY IS MADE, ATTORNEY SHALL RECEIVE NO FEE FOR SERVICES PERFORMED UNDER THIS CONTRACT. If Client terminates Attorney's employment before conclusion of the case, Client shall pay Attorney a fee based on the fair and reasonable value of the services performed by Attorney before termination.

The medical malpractice action was filed. Hayes Lorenzen spent more than three years building the case, including hiring fourteen experts. The parties engaged in mediation on April 29, 2019, with mediator Peter Gartelos. The defendants offered to settle for $1.5 million, and this offer was rejected by the parents, who stated they would not accept less than $20 million. Gartelos stated,

"At no time during the mediation did I observe any pressure exerted on [the parents] by Mr. Hayes or his partners to settle for the amounts being offered." A subsequent offer to settle for $1.75 million was also rejected by the parents. Because the mediation was unsuccessful, Hayes Lorenzen continued to prepare for trial, which was scheduled for October 22.

Hayes Lorenzen informed the parents a guardian ad litem (GAL) should be appointed for the child, but the parents were reluctant to involve a GAL, as they wanted to retain control of the case. The parents began researching different law firms and contacted a law firm.

On June 4, Hayes Lorenzen sent a letter to the parents stating a GAL should be appointed for F.M.K. "because a formal offer has been made by the defense to you and to [F.M.K.]. [F.M.K.] is unable to consider any offer, thus the need for outside GAL." The parents were given four options:

> 1. You will sign the Petition for Conservatorship and Appointment of Guardian Ad Litem and we will continue to represent you and [F.M.K.];
> 2. We will file the Motion for Appointment of Guardian Ad Litem, a copy of which is attached, and we will continue to represent you and [F.M.K.];
> 3. You may find other counsel at this time to whom we will surrender the file, with cooperation; or
> 4. We will file a motion with the Court to withdraw from representing you and [F.M.K.].

The parents selected the third option and informed Hayes Lorenzen they would obtain new counsel. The parents retained Trial Lawyers for Justice, LLP, for the medical malpractice action.[1] Hayes Lorenzen transferred its file to Trial

---

[1] The contingency fee contract with Trial Lawyers for Justice provided the law firm would receive forty-five percent of any recovery.

Lawyers for Justice which used the same expert witnesses that had been hired by Hayes Lorenzen and the same exhibits, including expert reports, developed in preparation for trial.

On June 10, Hayes Lorenzen filed notice of an attorney's lien under Iowa Code section 602.10116 (2019). They stated the law firm had "invested significant time and financial resources into pursuing Plaintiffs' claim in this litigation." They stated that under the contingency fee agreement, they were entitled to the fair and reasonable value of their services. A global settlement of $1.75 million was offered to the parents, and forty percent of this amount is $700,000. Hayes Lorenzen asserted that it was entitled to $700,000 in reasonable attorney fees.[2] The parents subsequently settled the case for an amount greater than $1.75 million.[3]

A petition for the appointment of a conservator for F.M.K. was filed on November 27. H.K. was named as the conservator. F.M.K. was represented by separate counsel and a GAL was appointed.

An application to approve the settlement agreement was filed on December 10. The proposed settlement agreement requested that Hayes Lorenzen be paid $50,000 for previous work. Hayes Lorenzen resisted the application to approve the settlement agreement, stating that it was entitled to attorney fees of $700,000. The settlement was approved with the exception that $700,000 was set aside due to the dispute over attorney fees. Trial Lawyers for Justice filed a response to Hayes Lorenzen's resistance.

---

[2] Hayes Lorenzen attached a bill of particulars, showing $167,540.87 in unreimbursed expenses. This amount is not in dispute.
[3] The terms of the settlement are confidential.

At the hearing on the attorney fee dispute, the parents testified they had an oral agreement with Trial Lawyers for Justice to dispute the amount of attorney fees awarded to Hayes Lorenzen. The parents and Trial Lawyers for Justice agreed that any portion of the $700,000 that was not paid to Hayes Lorenzen would be evenly split between Trial Lawyers for Justice and the parents.

On September 2, 2020, the district court ruled that the parents terminated their contract with Hayes Lorenzen. The court stated,

> Hayes Lorenzen had done virtually all of the work to prepare the case for trial during several years of litigation and were prepared to go to trial if [the parents] continued to hold to their demand of $20,000,000, which was well above the settlement value determined by Hayes Lorenzen, as well as the actual settlement that was eventually reached.

Relying upon *Munger, Reinschmidt & Denne, L.L.P. v. Lienhard Plante*, 940 N.W.2d 361, 371–72 (Iowa 2020), the court found the fee contract between Hayes Lorenzen and the parents was "reasonable at the time of its inception." The court also stated, "Hayes Lorenzen did almost all of the work to prepare this case for trial and more than earned the fee it seeks." The court concluded Hayes Lorenzen should be paid $700,000 for its work. The parents appeal from the district court's decision.

## II.    Standard of Review

We review of an award of attorney fees in a case involving contingency fees for an abuse of discretion. *See King v. Armstrong*, 518 N.W.2d 336, 337 (Iowa 1994) (addressing an award of attorney fees under a contingency agreement in class action litigation). "An abuse of discretion occurs when 'the court exercise[s] [its] discretion on grounds or for reasons clearly untenable or to an extent clearly

unreasonable.'" *Eisenhauer ex rel. T.D. v. Henry Cty. Health Ctr.*, 935 N.W.2d 1, 9 (Iowa 2019) (citation omitted). "Grounds or reasons are clearly untenable if they are not supported by substantial evidence or if they are based on an erroneous application of law." *Id.*

### III.  Discussion

**A.**  The parents appeal the district court decision awarding Hayes Lorenzen $700,000 in attorney fees. On appeal, the parents assert that Hayes Lorenzen is owed no attorney fees and argue this "is a simple contract dispute case." They claim Hayes Lorenzen constructively terminated the contract for legal representation and, therefore, is not entitled to an award of any attorney fees. The parents contend the June 4, 2019, letter gave them an ultimatum requiring them to either consent to a low settlement offer or seek new counsel. They claim their only viable option was to terminate the contract with the law firm. The district court found the parents terminated the contract and that Hayes Lorenzen was prepared to go to trial.

After the parents rejected the settlement offer of $1.75 million, Hayes Lorenzen continued to engage in negotiations for settlement and simultaneously prepare for trial.[4] The evidence does not support the parents' claim that the law firm abandoned them after they rejected the settlement offer. Also, the parents testified they had started to look for new legal representation even before they received the June 4 letter. The district court did not abuse its discretion by concluding that Hayes Lorenzen did not terminate the contract.

---

[4] The mother of F.M.K. testified that after mediation, she felt "relief" that Hayes Lorenzen was going to continue to represent them.

**B.** Alternatively, the parents claim that if they are bound by the terms of the contract with Hayes Lorenzen, then the law firm is not entitled to the contingency fee of forty percent of $1.75 million because there was no recovery while the parents were represented by the law firm. The parents also assert that to the extent the parents terminated the contract, Hayes Lorenzen failed to prove the fair and reasonable value of its services. The contract provides, "If Client terminates Attorney's employment before conclusion of the case, Client shall pay Attorney a fee based on the fair and reasonable value of the services performed by Attorney before termination." The parents state Hayes Lorenzen is only entitled to the fair and reasonable value of their services. The parents assert that Hayes Lorenzen did not meet their burden to prove the fair and reasonable value of their services and, therefore, is not entitled to an award of attorney fees.

The court rejected the parents' assertion that the fees awarded to Hayes Lorenzen should be determined on a quantum meruit basis.[5] Because the court was not making a determination of the hours worked and a reasonable rate for those hours, Hayes Lorenzen was not required to submit detailed billing records. *See Iowa Sup. Ct. Disciplinary Bd. v. Muhammad*, 935 N.W.2d 24, 33 (Iowa 2019) (noting billings were used for work performed in the absence of a contingency fee agreement).

---

[5] The district court found, "Hayes Lorenzen did almost all of the work to prepare this case for trial and more than earned the fee it seeks." The subsequent law firm did not alter the expert designation that was completed by Hayes Lorenzen, consisting of fourteen experts. Thus, even if the fees were calculated on a quantum meruit basis, the court found the fees were reasonable. "Iowa courts have recognized that the district court is an expert on the issue of reasonable attorney fees." *King*, 518 N.W.2d at 337.

In this regard, the parents assert the district court's reliance on *Munger* is misplaced. In *Munger*, after receiving a settlement, a client refused to pay its law firm under the parties' one-third contingency fee contract. 940 N.W.2d at 365. The Iowa Supreme Court determined that contingency fee contracts are generally enforceable. *Id.* at 366. The court stated:

> The [clients] overlook the risk allotted to both parties by the contingency fee contract. Instead, we conclude the contingency fee contract at issue was reasonable at the time of its inception. Consistent with our existing caselaw, we will not use [Iowa Rule of Professional Conduct] 32:1.5(a)'s noncontingency fee factors to reevaluate this contingency fee contract from a position of hindsight. This case does not fall within the narrow exceptions to that general rule.

*Id.* at 365–66. The factors used to determine the reasonableness of attorney fees outside a contingency fee contract are "not . . . used to reexamine the contingency fee contract 'at the conclusion of successful litigation.'" *Id.* at 368 (citation omitted).

There is an exception to this general principle when large fees have not been earned "by either effort or a significant period of risk." *Id.* at 367; *see also Iowa Sup. Ct. Disciplinary Bd. v. Hoffman*, 572 N.W.2d 904, 908 (Iowa 1997) (finding a contingency fee was excessive because the client's recovery was not due to the attorney's work). This case does not come within the narrow exception where a fee based on a contingency fee contract has been found to be unreasonable. Hayes Lorenzen obtained expert witnesses and exhibits to support the parents' medical malpractice claims. The district court found the law firm participated in mediation to settle the parents' claims and did "virtually all the work to prepare the case for trial during several years of litigation." This is not a case where the parents' recovery was unrelated to the work of the law firm. Hayes

Lorenzen argues if the forty-five percent contingency fee of Trial Lawyers for Justice for four and a half months of negotiating is reasonable, the forty percent contingency fee for three and a half years must also be reasonable and was earned.

Because this case does not come within the exception, the general principle that contingency fee contracts are valid should be applied. *See Munger*, 940 N.W.2d at 366. We consider whether the contingency fee contract "was reasonable at the time of its inception." *Id.* at 365. Contingency fee contracts perform three functions:

> First, they enable persons who could not otherwise afford counsel to assert their rights, paying their lawyers only if the assertion succeeds. Second, contingent fees give lawyers an additional incentive to seek their clients' success and to encourage only those clients with claims having a substantial likelihood of succeeding. Third, such fees enable a client to share the risk of losing with a lawyer, who is usually better able to assess the risk and to bear it by undertraining [undertaking] similar arrangements in other cases.

*Id.* at 366 (quoting Restatement (Third) of the Law Governing Lawyers § 35 cmt. b, at 257 (Am. Law Inst. 2000)). A high rate of return for an attorney does not make a contingency fee contract unreasonable when it was made. *Id.*

In applying *Munger*, the district court found:

> Using the legal analysis set forth therein, the Court concludes that the fee contract between [the parents] and Hayes Lorenzen was reasonable at the time of its inception. Although the case settled for a significant amount of money, it was not without its complexities. There was always a chance that a jury would return a full defense verdict, in which case there would be no recovery for [the parents] and no fee for the work put in over several years by Hayes Lorenzen.

(Footnote omitted.)  The court concluded, "a fee of $700,000, based on 40% of the last settlement offer made to [the parents] before they terminated the contract, is reasonable."

We conclude the district court did not abuse its discretion by concluding $700,000 was a reasonable amount of attorney fees based on the contingency fee contract with the parents.  The district court is an expert on the issue of reasonable attorney fees.  *See King*, 518 N.W.2d at 337.  We affirm the decision of the district court.

**AFFIRMED.**